# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAMEON A. HOLCOMB,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 26-CV-125-JPS

**ORDER**

On January 26, 2026, Petitioner Dameon A. Holcomb ("Holcomb") filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. Holcomb's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Dameon A. Holcomb*, 24-CR-15-JPS (E.D. Wis. Jan. 24, 2024).[1] He was represented during these proceedings by Dennise Moreno and Ramuel Figueroa of Federal Defender Services of Wisconsin. In October 2024, Holcomb pleaded guilty to one count of possessing a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). CR-ECF No. 29. The Court sentenced Holcomb to twenty months in custody of the Bureau of Prisons to be followed by three years of supervised release. CR-ECF No. 42.

As of June 17, 2026, Holcomb has been released from the custody of the Bureau of Prisons. *Inmate Locator*, FED. BUREAU OF PRISONS, *available at* https://www.bop.gov/inmateloc/ (last visited July 10, 2026).[2] His release from custody implicates this case in two ways. First, Holcomb has failed to

---

[1]Docket references thereto will be cited as CR-ECF.

[2]There is no updated address on file for Holcomb.

update his address of record, *see supra* note 2, so on the docket it remains Metropolitan Correctional Center in Chicago, Illinois. Thus, he has failed to comply with General Local Rule 5(a)(4). *See* GEN. L.R. 5(a)(4) ("A pro se party must include an address and telephone number at which the Court can contact the party."); *Juarez v. Anderson*, No. 21-CV-1091-JPS, 2023 WL 3236806, at *1 (E.D. Wis. Apr. 3, 2023) ("General Local Rule 5(a)(4) requires pro se parties like [p]laintiff to keep the Court apprised of their contact information."). In a such a scenario, the Court typically dismisses the case for failure to prosecute. *Juarez*, 2023 WL 3236806, at *1; CIV. L. R. 41(c). Here, several weeks have elapsed since Holcomb has been released from custody, and there has been no activity on the docket, suggesting that dismissal for failure to prosecute is warranted.

However, the Court need not decide this case on that basis. Instead, the Court will dismiss this case because Holcomb's § 2255 motion is now moot. Article III of the United States Constitution permits a federal court to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) and *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id*. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. (citing *Allen v. Wright*, 468 U.S. 737, 750–751 (1984) and *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471–73 (1982)).

"Thus, in the habeas corpus context, a petitioner who is released from custody may continue to seek the writ only if the Court can offer relief

because 'collateral consequences—lingering disabilities or burdens'[—] exist." *Thompson v. Sherrod*, No. 11-cv-137-DRH, 2011 WL 3890297, at *1 (S.D. Ill. Sept. 2, 2011) (quoting *D.S.A. v. Cir. Ct. Branch 1*, 942 F.2d 1143, 1146 (7th Cir. 1991)). "Collateral consequences may include infringements on the rights to vote, serve on a jury, or hold public office." *Id.* at *2 (citing *Handy v. Schwartz*, No. 08-cv-242-JPG, 2009 WL 35190, at *1 (S.D. Ill. Jan. 5, 2009)). "Collateral consequences are presumed to exist when a petitioner's habeas petition challenges his underlying criminal conviction." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) and *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004)). "Courts do not apply this presumption to petitions where a released petitioner does not challenge his underlying criminal conviction but instead challenges the calculation of his sentence, because in that instance, collateral consequences are not likely." *Id.* (citing *Handy*, 2009 WL 35190, at *1 and *Weiss v. Ind. Parole Bd.*, 230 F. App'x 599, 600 (7th Cir. 2007)); *Weiss*, 230 F. App'x at 601 ("no similar presumption extends to sentencing determinations, in which case the petitioner must prove such consequences exist" (citing *Spencer*, 523 U.S. at 8, 12 and *Buss*, 381 F.3d at 641)). As such, unless a petitioner can show that "there are collateral consequences at issue that can be addressed by a habeas corpus proceeding, a challenge to a released petitioner's sentence is moot." *Id.* (citing *Morningstar v. Hathaway*, No. 08-CV-167-GPM, 2008 WL 3461621, at *1 (S.D. Ill. Aug. 12, 2008)).

No such collateral consequences are apparent from a review of the instant § 2255 motion. Holcomb merely challenges the length of his sentence. ECF No. 1 at 1 ("Holcomb now requests the right to have the sentence corrected on the grounds that the sentence was in violation of the Constitution of the United States."); *id.* 13–15 (providing the math behind a "correct[ed] sentence calculation" and requesting that the Court "correct

the sentence to 12 months."). Thus, the Court must conclude that there is no longer a case or controversy, and Holcomb's § 2255 motion is moot. *Thompson*, 2011 WL 3890297, at *2; *Weiss*, 230 F. App'x at 601 (citations omitted). As such, the Court will deny the § 2255 motion and dismiss this action as moot.

Under Rule 11 of the Rules Governing 28 U.S.C. § 2255 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). For all the reasons stated, Holcomb has not made such a showing. Therefore, a certificate of appealability will not issue.

Holcomb's § 2255 motion is moot and must be denied; thus, the Court will dismiss this action as moot. Since no reasonable jurist would debate this Court's assessment, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Dameon A. Holcomb's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255, ECF No. 1, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED as moot**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.